Creeco Company, a Corporation, and Lillibridge Manufacturing Company, a Corporation, Plaintiffs-Appellants, v. Northern Illinois Gas Company, a Corporation, and Porter Contracting Company, a Corporation, Defendants-Appellees.

### Gen. No. 65–99.

Second District.

July 21, 1966.

Rehearing denied September 7, 1966.

Clausen, Hirsh, Miller & Gorman, and Robert J. Rafferty, all of Chicago, for appellants.

Carroll, Leali & Gitlin, of Woodstock, and Robert C. Liston, of Wheaton, for appellees.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

Plaintiffs appeal from orders entered in favor of the defendants dismissing the complaint on the grounds of estoppel by verdict.

Plaintiffs Creeco Company, a corporation, herein referred to as Creeco, and Lillibridge Manufacturing Company, a corporation, herein referred to as Lillibridge, sued Northern Illinois Gas Company, herein referred to as Northern and Porter Contracting Company, a corporation, herein referred to as Porter. The complaint filed in the circuit court of McHenry County charges Northern and Porter with both negligence and wilful and wanton misconduct in causing an explosion and resultant fire in a building owned by Creeco and occupied by Lillibridge.

Creeco sued for damages to the building and Lillibridge sued for damages to the contents.

In a prior action arising out of the same explosion, one Mildred Peterson filed suit in Kane County charging Creeco, Lillibridge, Northern and Porter with negligence. The various defendants filed answers but no cross-pleadings or counterclaims were filed. Creeco was voluntarily dismissed as a defendant. Northern and Lillibridge were found guilty of negligence and Porter was found not guilty.

During the Peterson trial it was established that one D. F. Creedon was President of both Lillibridge and Creeco; that the other officers were identical in both corporations and that there was some common ownership of the shares of the two corporations. During the Peterson trial Mr. Creedon testified that he had observed a gas leak in the vicinity of the plant and had mentioned it to an employee of Northern and had also observed Porter doing excavating work in the area. A witness named Valine who is an employee only of Lillibridge also testified to having detected gas odors prior to the explosion. Creedon and Valine were both cross-examined extensively by the attorneys for Northern and Porter and it is alleged that Valine was impeached in certain aspects of his testimony. In the instant case the motions for judgment contained transcripts of the testimony of both Creedon and Valine in the prior case and the defendants successfully contended in the trial court that they were entitled to judgment on the basis of estoppel by verdict.

The rules pertaining to estoppel by verdict have been stated on numerous occasions by Illinois courts of appeal. The most recent statements were by this court in Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 205 NE2d 786 (1965), and by the First District Appellate Court in

221

Lynch v. Chicago Transit Authority, 62 Ill App2d 220, 210 NE2d 792 (1965).

██ ██ Briefly stated the doctrine of estoppel by verdict is that when some specific fact or question has been actually and directly an issue and has been adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the parties or their privies who were parties in a former suit, the determination of that fact or question in the former suit, if properly presented and relied on, is conclusive upon the parties and their privies in the latter suit, without regard to whether or not the cause of action is the same in both suits. It is not necessary that the parties in the prior litigation were on opposite sides or that the issues between them were raised by pleadings so long as the parties were adversaries in fact.

The Ind case arose after a motorist had struck a concrete traffic signal which was being constructed on a traffic island in Rockford. The motorist sued the general contractor Ind, the subcontractor Wood and the City of Rockford. Ind was found guilty and Wood and the City of Rockford were found not guilty. Thereafter, Ind filed an action for indemnity against Wood charging that Wood was guilty of active negligence and that Ind was guilty only of passive negligence. In reviewing the proceedings in that case we came to the conclusion that the plaintiffs in the first suit earnestly sought to impose liability on the three defendants and that Ind, in conducting the defense, actively sought to establish the negligence of Wood. We held that Ind, having actively sought in the first suit to establish responsibility on Wood and having failed to do so, was estopped from making the same claim in the second case.

In the Lynch case the litigation involved a collision between an automobile driven by Lynch and a bus. In the first case a bus passenger sued both Lynch and the Transit Authority. Lynch was charged with negligence.

The plaintiff obtained a verdict against both parties. In the second case Lynch sued the Transit Authority for negligence and it was held that the finding of negligence against him in the prior litigation was determinative of the question of his due care and, therefore, acted as a bar in his action against the Transit Authority.

 In considering the case at bar we will first examine the claim of Lillibridge against Porter. Lillibridge charges Porter with both negligence and wilful and wanton misconduct. In the Peterson case Lillibridge was found guilty of negligence and Porter was found not guilty and it would appear from the affidavits and transcripts submitted in support of the motion to dismiss that there was an intensive effort made in the trial of the Peterson case by Porter to establish the negligence of Lillibridge. Although there were no pleadings in the Peterson case by Lillibridge against Porter, they were in fact in an adversary position by reason of the proof offered. The finding of negligence against Lillibridge is determinative of the question of its due care and such finding bars its action against Porter charging Porter with negligence.

 With respect to the charge of wilful and wanton misconduct against Porter we hold that the finding in the Peterson case that Porter was not guilty of negligence precludes any possibility of an award here by Lillibridge against it on the grounds of wilful and wanton misconduct. A comparison of the charges of negligence in the Peterson case against Porter with the charges of wilful and wanton misconduct in the Lillibridge complaint against Porter shows that except for technical differences the allegations are substantially similar. Lillibridge is not entitled to a second day in court on these matters.

 Considering then the claim of Lillibridge against Northern we feel that as in the Porter case there was a determined effort on that part of Northern to show negligence on the part of Lillibridge, and it further appears

223

there was a similar effort on the part of Lillibridge to show negligence on the part of Northern. We hold that the verdict in the Peterson case is determinative of the question of due care on the part of Lillibridge and that its charge of negligence against Northern is therefore barred.

This situation is different from that presented in Sherman House Hotel Co. v. Butler St. Foundry & Iron Co., 168 Ill App 549 (1912), where one of the defendants in the former case was granted a directed verdict before presenting its case. It was there held that in a subsequent action by one of the defendants against the other, the question of which of the two defendants in the prior case was liable for the injury as between themselves had not yet been determined.

The wilful and wanton charge by Lillibridge against Northern is still undetermined. There was no adjudication absolving Northern from fault. With respect to this portion of the complaint Lillibridge has not yet had its day in court.

Northern's contention that the complaint against it charging wilful and wanton misconduct is defective for failure on the part of the plaintiffs to allege freedom from contributory wilful and wanton misconduct was not raised in the circuit court and cannot be raised for the first time on appeal. Ill Rev Stats c 110, § 43; Continental Illinois Nat. Bank & Trust Co. of Chicago v. National Casket Co., 27 Ill App2d 447, 169 NE2d 853 (1960).

With respect to the claim of Creeco against both Porter and Northern we have the added factor that Creeco was dismissed in the Peterson case so it was not a party at the time of verdicts. Although the officers of Creeco and Lillibridge are the same there are two corporate entities with different interests and they are not in privity. Chicago Bar Ass'n v. Friedlander, 24 Ill App2d 130, 164 NE2d 517 (1960); Smith v. Bishop, 26 Ill2d 434, 187 NE2d 217 (1963).

The witness Valine was an employee only of Lillibridge. He had no relationship with Creeco and Creeco is not chargeable with his acts or omissions. His knowledge of a dangerous condition prior to the explosion might be indicative of negligence or lack of due care on the part of Lillibridge but would in no way reflect upon Creeco.

Similarly, we do not feel that the fact that both Creeco and Lillibridge were insured by the same insurance company creates a condition of privity.

The motions which we have considered in this case were motions to dismiss based upon the doctrine of estoppel by verdict. These motions were supported by affidavits and transcripts of evidence at the former trial. These motions are to be distinguished from motions for summary judgment and we have not considered them as such.

The motions to dismiss should not have been allowed with respect to Lillibridge's charge of wilful and wanton misconduct against Northern and with respect to Creeco's charges of both wilful and wanton misconduct and negligence against both Porter and Northern and those portions of the judgment in favor of the defendants are reversed and the cause is remanded for further proceedings not inconsistent with this opinion. In all other respects the judgment is affirmed.

Reversed and remanded in part and affirmed in part.

DAVIS and ABRAHAMSON, JJ., concur.