Brian Gengler, Plaintiff, v. Albert D. Hendrick and Schwerman Trucking Company, a Wisconsin Corporation, Defendants-Third-Party Plaintiffs-Appellants,

and

Mack Trucks, Inc., and Bendix-Westinghouse Automotive Air-Brake Company, a Corporation, Defendants-Third-Party Defendants-Appellees, v. Mack Trucks, Inc., and Bendix-Westinghouse Automotive Air-Brake Company, a Corporation, Third-Party Defendants-Appellees.

Gen. No. 68–50.

Third District.

September 9, 1969.

Bozeman, Neighbour, Patton, Henss and Noe, of Moline, for appellants.

Peter H. Lousberg and Ira J. Melaas, of Rock Island, for appellees.

RYAN, J.

This case arose out of a collision between a Honda motorcycle and a Mack truck pulling a cement trailer. The collision occurred when the truck entered a through highway without stopping for a stop sign and proceeded into the path of a motorcycle which was being operated on the through highway. One Gengler, who was the operator of the motorcycle, survived to bring a suit for damages against Albert D. Hendrick, who was the truck driver, and against Schwerman Trucking Company, who was the owner of the truck and the employer of Hendrick. By an amended complaint, plaintiff added Mack Trucks, Inc., who was the truck's manufacturer, and Bendix-

Westinghouse Automotive Airbrake Company, who was the manufacturer of the truck's brake, as additional defendants on the theory of a defective brake. Hendrick and Schwerman filed their answer and denied the material allegations of the complaint and alleged that there was a brake failure which was not the result of any negligence on their part but was solely and entirely caused by a defective product. Hendrick and Schwerman further filed a third-party complaint against Mack Trucks and Bendix seeking indemnity in the event they were held liable. After four days of testimony and at the close of all the evidence, Hendrick and Schwerman moved to amend their third-party complaint by changing their theory of third-party defendants' liability. The original third-party complaint alleged that the accident occurred only by reason of brake failure. The proposed amended third-party complaint alleged that the fault of Hendrick and Schwerman, if any, was of a less substantial nature or degree than the fault of Mack Trucks and Bendix; and, that Hendrick and Schwerman were only secondarily responsible, if at all, while Mack Trucks and Bendix were primarily responsible for the accident. The Court denied the motion to amend the third-party complaint and granted a motion to strike it. The jury was instructed as to the negligence theory against Hendrick and Schwerman and as to the strict liability theory as to Mack Trucks and Bendix. The jury returned a verdict in favor of the plaintiff, Gengler, and against the defendants Hendrick and Schwerman. No liability was found as to Mack Trucks or Bendix. Judgment was entered on the verdict.

Hendrick and Schwerman have appealed, alleging as errors the rulings of the Trial Court in denying the motion to amend the third-party complaint and in granting the motion to strike it.

The accident in question occurred at the intersection of two state highways, Route 6, which is an east-west

297

highway, and Route 150, which is a north-south highway. At the place of the collision, Route 150 joins Route 6 from the south only in the form of a T. Route 150 traffic is required to stop at its intersection with Route 6, which is a through highway. Immediately prior to the accident, Hendrick was operating the Mack truck on Route 150 and proceeding in a generally northerly direction as he approached the T intersection with Route 6. Hendrick testified at the trial that when he was some 700 feet from the intersection and traveling at a speed of approximately 45 miles per hour, he applied the foot brake but it failed to respond, and after several attempts in which there was no action, the truck rolled through the intersection at about 35 miles per hour. However, he did not sound the truck's horn or give any kind of light signals as a warning to other vehicles. He did not turn off the ignition. He did not activate the arm on the steering column or hand lever on the dashboard which controlled the trailer brakes until he had passed the intersection. After crossing the intersection, he finally used the hand lever on the dashboard to apply the trailer brakes and stopped the truck immediately. Hendrick further stated that it would only take about one-half second to activate the trailer brakes in this way. A former shop foreman for Schwerman testified that at a speed of 40 miles per hour the truck could be brought to a stop in a distance of 120 feet by applying the trailer brakes only.

The immediate cause of the brake failure was the breaking of an adapter plate which is a part of the braking mechanism. The adapter plate was made of aluminum and fastened with steel bolts. Schwerman had removed the plate for maintenance three days before the accident. The bolts had most probably been cross-threaded during such maintenance by Schwerman and such cross-threading most probably brought on the failure. There was some testimony to indicate that the

298

cross-threading and consequent breaking might not have occurred if the plate had been made of a harder material than aluminum. On the other hand, there was nothing wrong with the adapter plate. It was sufficiently strong to fulfill its function and would not have broken except for the cross-threading. At the time of the accident, the truck was approximately five years old with 200,000 miles on it. As cross-threading would have caused the plate to break shortly afterwards, the cross-threading could not have taken place during the manufacture or assembly of the brake or truck by Bendix or Mack Trucks.

What appellants are seeking by this appeal is a new trial of a matter that has been thoroughly litigated between the parties. Their only complaint concerns the disposition of the Trial Court with reference to their third-party complaint. There is no complaint about the verdict of the jury which found no negligence on the part of Mack Trucks or Bendix but which found active negligence on the part of Hendrick and Schwerman.

Essentially the same situation occurred in the case of Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 205 NE2d 786. In a prior trial a personal plaintiff sued Ind, Wood and the City of Rockford. The jury found for the plaintiff against Ind, but found Rockford and Wood not guilty. During that jury trial Ind attempted to show the accident was caused by the negligence of Wood. The jury found Ind solely responsible. Ind satisfied that judgment and brought suit against Wood for indemnity. The trial court found for Wood and on appeal was affirmed on the grounds Ind was barred by the verdict in the original action. On rehearing, the court adhered to its opinion. Leave to appeal was denied. At page 790 of 205 NE2d, the court stated:

"The parties here do not dispute that if Ind were guilty only of technical or passive negligence by virtue of the active negligence of Wood imputed to

299

it, Ind would then have a right to indemnity against Wood. But just as certainly, Ind cannot prevail upon this theory unless Wood is first found guilty of negligence. It is an essential part of the jury's verdict in the first case that Wood was found to have been guilty of no negligence giving rise to plaintiffs' injuries. Ind, having, in fact, actively sought in the first suit to establish responsibility upon Wood for the injuries complained of there, is now estopped from again asserting that it was the negligence of Wood which caused these injuries. The jury's verdict has settled that matter. Ind did not appeal that judgment imposing liability solely on it, although it here suggests not only that the finding of no negligence on the part of Wood is contrary to the manifest weight of the evidence, but also that a contrary finding should have been made as a matter of law. Having once litigated that question, and having failed to appeal an adverse decision, Ind may not now seek a second day in court in the form of this action to relitigate the same question."

The doctrine of estoppel by verdict was reaffirmed in Creeco Co. v. Northern Illinois Gas Co., 73 Ill App2d 218, 219 NE2d 257. The Court stated:

"Briefly stated, the doctrine of estoppel by verdict is that when some specific fact or question has been actually and directly an issue and has been adjudicated in a former suit and the same fact or question is again put in issue in a subsequent suit between the parties or their privies who were parties in a former suit, the determination of that fact or question in the former suit, if properly presented and relied on, is conclusive upon the parties and their privies in the latter suit, without regard to whether or not the cause of action is

300

the same in both suits. It is not necessary that the parties in the prior litigation were on opposite sides or that the issues between them were raised by pleadings so long as the parties were adversaries in fact."

■ Although the instant appeal does not involve a separate suit, it clearly involves the doctrine of estoppel by verdict. After the original third-party complaint had been filed, the plaintiffs amended their complaint and added an additional count raising exactly the same questions against the third-party defendants as the original defendants had raised against the third-party defendants in their third-party complaint. Hence, dismissal of the third-party complaint took nothing from the jury so far as the issues were concerned so long as the amended complaint of the plaintiff remained. Furthermore, inasmuch as the original third-party complaint was not stricken until at the close of all the evidence, the original defendants and the third-party defendants were in fact adversaries. This situation makes moot the question of the correctness of the Court's ruling in striking the third-party defendants' complaint. The matter has been thoroughly litigated. In this case Hendrick and Schwerman had a common interest with plaintiff Gengler to show a defective product. Schwerman made available to plaintiff its expert witness, whose testimony was adopted by him. Former employees of Schwerman were called as witnesses by plaintiff and Schwerman would make the witness his witness for additional questions. In final argument to the jury, plaintiff's attorney argued defective product and Schwerman's attorney devoted a major part of his final argument attempting to lay the blame on the manufacturers. The jury was instructed as to the law regarding manufacturer's liability for defective products. The jury found Hendrick and Schwerman guilty of negligence.

301

It absolved Mack Trucks and Bendix. Under the facts, the negligence of Hendrick and Schwerman could not have been deemed passive but was, in fact, active negligence. A finding of active negligence would bar a joint tort-feasor from indemnity. There appears to be little question concerning the law in Illinois regarding indemnity between joint tort-feasors. In the case of Miller v. DeWitt, 37 Ill2d 273, 226 NE2d 630, our Supreme Court said at page 641:

> ". . . while Illinois does not allow contribution among joint tort-feasors, it does allow a passively negligent tort-feasor to obtain indemnification from an actively negligent tort-feasor. Griffiths & Son Co. v. National Fireproofing Co., 310 Ill 331; Chicago and Illinois Midland Railway Co. v. Evans Const. Co., 32 Ill2d 600."

The corollary is that if a tort-feasor is guilty of active negligence, he is barred from indemnity. Spivack v. Hara, 69 Ill App2d 22, 216 NE2d 173.

Since we believe that the jury verdict necessarily involved a finding of active negligence on the part of Hendrick and Schwerman, we can only conclude that the alleged error of the Trial Court in refusing to allow an amendment of the third-party complaint is likewise moot. The doctrine of estoppel by verdict applies with equal force here.

For the reasons given, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.