474 P.2d 466

Cannie BURRELL, Appellant,

v.

SOUTHERN PACIFIC COMPANY, a corporation, and William D. Concannon, Appellees.

No. 2 CA–CIV 643.

Court of Appeals of Arizona, Division 2.

Sept. 25, 1970.

Rehearing Denied Oct. 26, 1970.
Review Denied Dec. 15, 1970.

**108**

---

Rees, Estes & Browning, by Paul G. Rees, Jr., Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P. C., by T. Scott Higgins, Tucson, for appellees.

MARKS, Superior Court Judge.

This is an appeal by Cannie Burrell (hereinafter sometimes called Burrell), the plaintiff in the trial court, from a judgment of the Pima County Superior Court entered on January 30, 1969, dismissing his complaint against the defendants Southern Pacific Company (hereinafter sometimes called S. P.) and William D. Concannon (hereinafter sometimes called Concannon) in Action No. 108758 predicated upon the doctrine of res judicata.

On February 13, 1967, Mallnese Maberry was a passenger in an automobile owned and operated by Burrell. At the grade crossing of Southern Pacific Company's Nogales branch line at East 29th Street, Tucson, Arizona, Burrell's automobile collided with S. P.'s train and Mallnese Maberry died from resulting injuries. Concannon was the engineer of the train.

On February 15, 1967, Aubrey Pitts, as Mallnese Maberry's personal representative, commenced a wrongful death action against Cannie Burrell and Maudraye Burrell, his wife, and Southern Pacific Company, Action No. 100068 of the Pima County Superior Court.[1] At the pretrial conference in Action No. 1 Burrell was rep-

resented by his personal counsel who moved for leave to file a crossclaim against his codefendant S. P. alleging personal injury and property damage. Counsel for Burrell's insurance carrier, nominally representing Burrell, and counsel for Southern Pacific Company objected. The court denied the motion, entering an order which reads as follows:

"IT IS ORDERED that the motion is denied and although the Cross-Claim will bear the file stamp of the Clerk, it will be considered only as lodged in the file."

At the conclusion of the trial the verdict returned read as follows:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find in favor of the Plaintiff, AUBREY PITTS, personal representative of the Estate of MALLNESE MABERRY, deceased, et al, and against the Defendants CANNIE BURRELL and MAUDRAYE BURRELL, husband and wife, and fix the amount of Plaintiff's damages in the sum of $20,000, and do further find in favor of the Defendant, THE SOUTHERN PACIFIC COMPANY, a foreign corporation, and against the Plaintiff, AUBREY PITTS, personal representative of the Estate of MALLNESE MABERRY, deceased, et al."

Judgments were entered upon the verdict in favor of Pitts and against the Burrells on April 8, 1968, and in favor of Southern Pacific Company and against Pitts on April 16, 1968.

On July 29, 1968, Burrell commenced the instant action[2] against Southern Pacific Company and its engineer William D. Concannon alleging that the injuries sustained by Burrell as a result of the collision were due to the negligence of both defendants in Count I and due to the maintenance of a nuisance by S. P. in Count II. Each defendant moved to dismiss the complaint on the ground that the action was barred by

---

1. Action No. 100068 shall sometimes be called Action No. 1.

2. Action No. 108758 shall sometimes be called Action No. 2.

the doctrine of res judicata by reason of the verdict and judgments in Action No. 1. Burrell, in opposition to the motions, contended that the issues in Action No. 1 were totally different from those alleged in Action No. 2 and further, that the engineer, William D. Concannon, was not a party to the earlier action.

The trial court granted both motions to dismiss the complaint and entered judgment in favor of the defendants and against Burrell on January 30, 1969. Burrell has appealed contending that he is not estopped from prosecuting this action against his codefendant in the earlier action citing Spettigue v. Mahoney, 1968, 8 Ariz.App. 281, 445 P.2d 557, and Di Orio v. City of Scottsdale, 1965, 2 Ariz.App. 329, 408 P.2d 849.

Fundamentally Burrell urges this court to reverse the judgment dismissing the complaint as to each defendant on the ground that he has never had his day in court because the trial court denied his motion for leave to file a crossclaim against Southern Pacific Company in Action No. 1. He further contends that, if he be foreclosed from an opportunity to try his claim against S. P., it does not follow that Concannon is entitled to the same relief as he was not a party to Action No. 1.

Southern Pacific Company and Concannon argue that the issues in the instant action were litigated and determined in Action No. 1, citing Ocean A. & G. Corp., Ltd. v. United States F. & G. Co., 1945, 63 Ariz. 352, 162 P.2d 609. They contend that Burrell and Southern Pacific Company were adverse parties in Action No. 1, although they were not formally opposed to each other by reason of issues joined by pleadings. Thus, in support of the judgment of the trial court, Southern Pacific Company and Concannon urge that the doctrine of res judicata is applicable to the fact situation in Action No. 2.

Additionally, Concannon claims that he was in privity with S. P. and, therefore, pursuant to the rule in Di Orio v. City of Scottsdale, supra, the doctrine of res judicata is a valid defense to Burrell's claim against him.

Well-pleaded facts alleged in the complaint are presumed to be true when considering a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Kalmanoff v. Weitz, 1968, 8 Ariz.App. 171, 444 P.2d 728. The question to be determined by this court, therefore, is did Burrell in Action No. 1 have his day in court against Southern Pacific Company and Concannon with respect to his claim for personal injuries sustained by him as a result of the collision of his automobile and the train. We hold that Burrell did not have his day in court and is entitled to pursue his claim against both defendants in this action for the reasons hereinafter stated.

None of the Arizona cases cited by the parties is in point and independent research by this court has revealed no Arizona case involving a determination of this issue. In such circumstances the rule is that, in the absence of prior decisions and statutes to the contrary, the courts of Arizona will follow the Restatement of the Law whenever applicable. MacNeil v. Perkins, 1958, 84 Ariz. 74, 324 P.2d 211; Ingalls v. Neidlinger, 1950, 70 Ariz. 40, 216 P.2d 387; and State ex rel. Industrial Commission v. Smith, 1967, 6 Ariz.App. 261, 431 P.2d 902.

Section 82 of the Restatement of the Law of Judgments reads as follows:

"§ 82. NON-ADVERSARY PARTIES.

The rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights inter se upon matters which they did not litigate, or have an opportunity to litigate, between themselves."

An example of this proposition is found in illustration No. 1 of § 82 which reads as follows:

"1. A and B are driving automobiles, which collide. C, a passenger in B's car, sues A and B. Whether the judgment

is in favor of or against C as to either or both A and B, the issues as to negligence or other element of the cause of action are not res judicata in a subsequent action by A against B for damage to his car."

In accord with § 82 of the Restatement of the Law of Judgments, supra, are Cook v. Kendrick, 1969, 16 Mich.App. 48, 167 N. W.2d 483; Byrum v. Ames and Webb, Incorporated, 1955, 196 Va. 597, 85 S.E.2d 364; Kimmell v. Yankee Lines, 3rd Cir., 1955, 224 F.2d 644; and Pearlman v. Truppo, 1932, 10 N.J.Misc. 477, 159 A. 623, in each of which the facts are similar to the facts in the action sub judice and in each opinion the doctrine of res judicata was held to be inapplicable.

■ To simplify the facts we shall use the style of illustration No. 1 of § 82, supra. In Action No. 1 Burrell shall be A, Southern Pacific Company shall be B and Pitts shall be C. Therefore in the earlier action, C, who sued A and B, recovered judgment only against A, whereas B recovered judgment against C. Action No. 2 is an action by A against B and Concannon. In the four actions cited in the previous paragraph C sued A and B but recovered a judgment only against A. Thereafter A sued B. In each case B's defense of res judicata was not sustained because A and B, as in Action No. 1, had not, in fact, been adverse parties as to issues joined between them and, therefore, the earlier actions were not determinative of the rights and liabilities of A and B inter se.

In Pearlman v. Truppo, supra, the rule was stated that "[i]t is not enough that they, by their separate answers, deny liability and claim that the accident was due to the negligence of the other, as such pleading only goes to answering the claim of the plaintiff, and tenders no issue to which the other defendant may demur or

reply to or join issue upon so as to settle the liability one to the other * * *." 159 A. 623, 624. In Byrum v. Ames and Webb, Incorporated, supra, following the rule of Pearlman v. Truppo heretofore quoted and approving § 82 of the Restatement of the Law of Judgments, the court explained its decision as follows:

"The parties to the present suit were not adverse parties in the Mills suit so as to render the judgment in that suit determinative of their rights and liabilities as to each other. The plaintiff in that suit was endeavoring to hold them both. Each tried to escape liability to the plaintiff by showing that the other was to blame, and in that sense only were they adverse parties. Neither filed a cross-claim against the other as each could have done under Rule 3:9 of this court. The issues in that suit related to the rights of the plaintiff against both defendants. No issue was presented to the court for adjudication as between the two defendants. The evidence each offered in that suit was for the purpose of defending against the plaintiff's claim, not for the purpose of having adjudicated an issue between themselves. * * *" 85 S.E.2d 364, 366.

Burrell attempted in Action No. 1 to file a crossclaim against S. P. and had the trial court granted leave to file it and had S. P. joined issue by an answer to the crossclaim, the defense of res judicata by S. P. in Action No. 2 would be well founded. However, Burrell was not obliged to do so as Rule 13(g), Rules of Civil Procedure, 16 A.R.S., does not provide for a compulsory crossclaim.[3] In Kimmell v. Yankee Lines, supra, the Court of Appeals considered § 82 of the Restatement of the Law of Judgments sound and refused to "* * * superimpose a mandatory crossclaim rule on Pennsylvania practice." 224 F.2d 644, 646. Furthermore, in Cook v. Kendrick, supra, decided last year, the court held that

---

3. American Surety Company of New York v. Fazel, D.C., Iowa, 1956, 20 F.R.D. 110; 1A Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., § 397;

3 Moore's Federal Practice, § 13.34. Cf. Rule 13(a), Rules of Civil Procedure, 16 A.R.S., as to compulsory counterclaims.

"[T]he fact that a co-defendant could have filed a cross-claim does not bar by res judicata a later action against the co-defendant on a cross-claim action not filed." 167 N.W.2d 483, 485. Burrell, having been denied the right to use a permissive cross-claim, did not have his day in court in Action No. 1 as to the alleged liability of S. P. to him for his injuries.

We are cognizant that if Ocean A. & G. Corp., Ltd. v. United States F. & G. Co., supra, is in point, we are bound to follow it. McKay v. Industrial Commission, 1968, 103 Ariz. 191, 438 P.2d 757. However, we have concluded that the instant action is distinguishable as the claim of Burrell against S. P. and Concannon was not in issue in Action No. 1 as it was not permitted to be placed in issue by the judge conducting the pretrial conference. The rule in Ocean A. & G. Corp., Ltd. v. United States F. & G. Co., supra, is that res judicata is a valid defense if codefendants in the earlier action occupied the position of adversaries and the issues as to their respective rights and liabilities inter se have been litigated and determined.[4]

Burrell was prevented in Action No. 1 from raising the issues relating to the liability of S. P. for the personal injuries which he sustained. No such issues having been determined in Action No. 1, he is not attempting to relitigate such issues and is entitled to do so in this action. As the defense of res judicata is not available to S. P., Concannon has no such defense.

The judgment is reversed.

HATHAWAY and CAMERON, JJ., concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from

consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

---

4. In the earlier action, United States F. & G. Co. v. Industrial Commission, 1933, 42 Ariz. 422, 26 P.2d 1012, after litigating issues before the Industrial Commission as to the liability of each insurance carrier to the claimants and as to which carrier had the primary liability, the award of the Industrial Commission in favor of the claimants against both car-riers jointly was affirmed. Thus, in the later appeal, the Supreme Court held that " * * * [i]t follows that since the whole matter has already been determined in an action where the parties here appeared adversely, they are bound by the judgment * * *." 63 Ariz. 352, 363, 162 P.2d 609, 614.