499 P.2d 160

Mary Elizabeth RIGNEY, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, Honorable Jack G. Marks, Judge Thereof; Hugh W. PUCKETT and Mary D. Puckett, husband and wife, M. M. Sundt Construction Company, a corporation, Arizona Highway Department, a department of the Government of the State of Arizona, Real Parties in Interest, Respondents.

No. 2 CA–CIV 1239.

Court of Appeals of Arizona, Division 2.

July 18, 1972.

Rehearing Denied Aug. 21, 1972.

Review Denied Oct. 10, 1972.

Dowdall, Harris, Hull & Terry, by Robert Allen Schuler, Tucson, for petitioner.

Holesapple, Conner, Jones, McFall & Johnson, by Edmund D. Kahn, Tucson, for respondents Pucketts.

Browder & Gillenwater, P. C., by Robert W. Browder, Phoenix, for respondent M. M. Sundt.

Gary K. Nelson, Atty. Gen., Phoenix, by Leonard Everett, Special Asst. Atty. Gen., Tucson, for respondent Arizona Highway Dept.

KRUCKER, Chief Judge.

The petitioner is the plaintiff in a pending lawsuit and via this special action challenges the respondent court's granting the motion of defendants Puckett to amend their answer and, in accordance therewith, amending the pre-trial order. The sequence of events is as follows.

The plaintiff, while riding as a passenger in a car owned by K & D Construction Company, and driven by Kenneth K. Kamrath, was injured when the Kamrath vehicle collided with a vehicle driven by Mr. Puckett. She filed suit against the Pucketts, Kamrath, K & D Construction Company, M. M. Sundt Construction Company, and the Arizona Highway Department, alleging, *inter alia*, that Kamrath and Puckett were negligent.

Kamrath and the corporate defendant subsequently moved for summary judgment in their favor and notice thereof was given to the other defendants. The court found that no genuine issue of fact existed and granted summary judgment in favor of Kamrath and the construction company. The judgment contained the Rule 54(b) imprimatur of finality but no appeal was taken therefrom.

Approximately four months after entry of this judgment, defendant Puckett filed a motion for leave to amend his answer and the pre-trial order to set forth the following affirmative defenses:

"That at the time the cause of action of Plaintiff arose Plaintiff and Kenneth K. Kamrath and K & D Construction Company were engaged in a joint venture; that at said time the said Kenneth K. Kamrath negligently operated his vehicle which negligence caused or contributed to the collision and injuries to Plaintiff, if any; and that the negligence of Kenneth K. Kamrath, acting as an individual and as a corporate officer of K & D Construction Company, is imputed to Plaintiff and bars her recovery.

That sometime after the date of the acdent in question, to wit: April 18, 1970, Plaintiff and Kenneth K. Kamrath married; that after said marriage the medical expenses and loss of earnings of the Plaintiff, if any, became losses to the community; the negligence of Kenneth K. Kamrath as alleged in Paragraph VI is imputed to Plaintiff with regard to any claim of Plaintiff concerning loss of wages or recovery for medical expenses after said marriage."

The plaintiff opposed this motion on the ground that the prior summary judgment had resolved the issue of Kamrath's negligence and therefore injection of such issue was precluded. Puckett, however, took the position that he did not occupy an adversary position as to the motion for summary judgment and therefore, as to him, the issue of Kamrath's negligence was not *res judicata.*

The lower court permitted the filing of an amended answer setting forth the additional affirmative defenses and ordered that the pre-trial order be amended to include the following issues:

"Was the Plaintiff MARY ELIZABETH RIGNEY on April 18, 1970, engaged in a joint venture with Kenneth K. Kamrath and K & D Construction Company to the extent that the negligence, if any, of Kenneth K. Kamrath is imputed to the plaintiff and bars her recovery?

Subsequent to the date of the marriage of the plaintiff Mary Elizabeth Rigney and Kenneth K. Kamrath are the medical expenses and loss of earnings, if any, of the plaintiff Mary Elizabeth Rigney losses to such community and, therefore, the negligence, if any, of Kenneth K. Kamrath is imputed to the plaintiff and bars her recovery for such medical expenses and loss of earnings?"

In support of the trial court's ruling, respondent Puckett cites our decision in Burrell v. Southern Pacific Company, 13 Ariz.App. 107, 474 P.2d 466 (1970) and Sec. 82 of the Restatement of the Law of Judgments for the proposition that the summary judgment in favor of Kamrath does not preclude him from litigating the issue of Kamrath's negligence. It is true that in *Burrell,* supra, we held that the rendition of a judgment in an action does not conclude parties to the action who are not adversaries under the pleadings as to their rights *inter se* upon matters which they did not litigate, or have an opportunity to litigate, between themselves. The holding of *Burrell* is inapplicable here, however, since the pending litigation is not between Puckett and Kamrath as to their respective rights and liabilities *inter se.* In fact, the posture of the case is no different at this juncture than it would be had a directed verdict been granted in favor of Kamrath and the corporate defendant at the close of the plaintiff's case. The theory of a

**548**

motion for summary judgment is substantially the same as a motion for a directed verdict, i. e., that there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. 6 Moore's Federal Practice, 2d Ed. § 56.04[2]. Surely no one would argue that when a co-defendant is successful on motion for directed verdict the remaining defendants could argue to the jury that the fault was that of the removed defendant.

In the directed verdict situation, the remaining defendant's failure to appeal a judgment in favor of his co-defendant on a directed verdict renders conclusive and *res judicata* the question of the co-defendant's freedom from liability. Kennecott Copper Corp. v. McDowell, 100 Ariz. 276, 413 P.2d 749 (1966). A Rule 54(b) certificate as was included herein the summary judgment likewise achieves finality for purposes of *res judicata*. 6 Moore's Federal Practice, 2d Ed. § 54.42. Once the judgment in favor of Kamrath and the corporate defendant became final (the time for appeal having expired), Puckett's motion to amend was not properly entertainable. United States F. & G. Company v. Perkins, 388 F.2d 771 (10th Cir. 1968).

Puckett contends, however, that he has not had an opportunity to litigate the question of Kamrath's negligence since he was not an "adverse party" in the summary judgment proceeding. We do not agree. For purposes of Kamrath's motion for summary judgment, Puckett was an adverse party and was entitled to notice of the motion for summary judgment. Landers v. Mays, 118 Ohio App. 1, 193 N.E.2d 182 (1963.) Having received notice of the motion, as an adverse party Puckett had standing to oppose the motion. He failed to avail himself of this opportunity and therefore cannot now resurrect the issue of Kamrath's negligence as a defense to the plaintiff's claim against him.

For the foregoing reasons we are of the opinion that the trial court erred in granting the motion to amend. We therefore direct that the amended answer and the amendment to the pre-trial order be stricken.

HOWARD and HATHAWAY, JJ., concur.