684 P.2d 882

Joseph MATUSIK, and Sandra June Matusik, husband and wife, Defendants Cross-Claimants and Appellants,

v.

ARIZONA PUBLIC SERVICE COMPANY, Defendant Cross-Defendant and Appellee.

Joseph MATUSIK and Sandra June Matusik, husband and wife, Defendants Cross-Claimants and Appellants,

v.

Arthur PICARD and Jane Doe Picard, husband and wife, dba Art's Meat Market, Defendants Cross-Defendants and Appellees.

Joseph MATUSIK and Sandra June Matusik, husband and wife, Defendants Cross-Claimants and Appellants,

v.

Arthur PICARD and Jane Doe Picard, husband and wife; and Arizona Public Service Company, Defendants Cross-Defendants and Appellees.

Nos. 1 CA–CIV 6812, 1 CA–CIV 6813 and 1 CA–CIV 5999.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 2, 1984.

Reconsideration Denied March 13, 1984.

Review Denied June 20, 1984.

2

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Larry L. Smith and M.E. Rake, Jr., Phoenix, for Joseph Matusik and Sandra June Matusik.

Snell & Wilmer by Donald D. Colburn and Vaughn A. Crawford, Phoenix, for Ariz. Public Service Co.

Ridenour, Swenson, Cleere & Evans by Harold H. Swenson and Michael J. Childers, Phoenix, for Arthur Picard and Jane Doe Picard.

OPINION

MEYERSON, Presiding Judge.

This consolidated appeal arises out of a natural gas explosion which occurred at a shopping center owned by appellants Joseph Matusik and Sandra June Matusik (Matusik). Two tenants, Dib Maali and Steve Rotschild, filed separate actions for damage to their property naming as defendants Matusik, Arizona Public Service Company (APS), and Arthur Picard, the tenant in whose store the gas leak allegedly originated. In both actions, Matusik filed cross-claims against APS and Picard. Summary judgment was granted against Matusik in both cases and it is from these judgments that Matusik appeals. As explained more fully herein, the trial court erroneously applied principles of *res judi-*

*cata* and collateral estoppel and therefore we reverse.

I. THE MAALI LITIGATION

Maali sued Matusik, APS and Picard alleging that the defendants knew or should have known of a leak in the natural gas supply system in Picard's shop and that their failure to prevent further leakage caused a gas explosion injuring Maali and damaging his store. Shortly after the complaint was filed, Matusik filed a cross-claim against Picard and APS. Matusik contended that APS and Picard should have been aware of the gas leak and that they failed to prevent further leakage which resulted in the explosion.

APS initiated discovery against Maali and after receiving Maali's answers to interrogatories, APS moved for summary judgment against Maali. APS contended that Maali had no information which would indicate any negligence by APS nor did he know of any expert with knowledge of the cause of the accident. Picard filed his own motion for summary judgment against Maali based upon the same grounds asserted by APS. The trial court granted Maali an additional three months to file any controverting affidavits. Thereafter, Maali filed a supplemental memorandum in which he acknowledged that he was aware of no evidence of any negligence on the part of APS. As to Picard, Maali urged that material facts were still in dispute by virtue of Picard's deposition and a report by the City of Phoenix Fire Department. The trial court then granted APS's and Picard's motion for summary judgment.

Next, APS and Picard turned their attention to Matusik's cross-claim. They moved for summary judgment on the theory that Matusik's cross-claim presented liability issues identical to the allegations in Maali's complaint. They argued that, because Matusik had standing as an adverse party to oppose their motions for summary judgment against Maali, Matusik should now be precluded under the doctrine of *res judicata* from bringing his cross-claim against them. The trial court agreed and granted

APS's and Picard's motions on the cross-claim.

## II. THE ROTSCHILD LITIGATION

In a separate action, plaintiffs Steve Rotschild and Lillian Rotschild (Rotschild) brought suit against Picard, Matusik and APS. The Rotschild action was substantially similar to the action brought by Maali. Matusik again filed a cross-claim against Picard and APS which was virtually identical to his cross-claim in the Maali litigation. APS moved to dismiss the cross-claim and Picard moved for summary judgment on the cross-claim. Both motions asserted that the prior judgments in favor of APS and Picard in the Maali action barred Matusik's claim of negligence against APS and Picard. The trial court entered summary judgment in favor of Picard and APS.

At oral argument in this court, the parties agreed that the determinative issue in this consolidated appeal is whether Matusik's cross-claim in the Maali suit is barred by virtue of the summary judgments APS and Picard obtained against Maali.* We also agree. If summary judgment in favor of APS and Picard on Matusik's cross-claim in the Maali suit is proper, then Matusik's second cross-claim against APS and Picard in the Rotschild litigation is barred under the doctrine of *res judicata*. If the summary judgment against Matusik in the Maali litigation fails, then it was error to bar the litigation of the cross-claim in the second action. For the following reasons we conclude that summary judgment should not have been granted against Matusik in the Maali suit.

## III. *RES JUDICATA* AND COLLATERAL ESTOPPEL

 The doctrine of *res judicata* holds that a final judgment, rendered on the merits, is conclusive between the parties and their privies on every issue decided, as well as on every issue which could have been decided. *Hoff v. City of Mesa*, 86 Ariz. 259, 344 P.2d 1013 (1959). In order for *res judicata* to apply, there must be (1) a final judgment on the merits; and (2) a common "identity of the parties, the capacity in which they appear, the subject matter, and the cause of action." *El Paso Natural Gas Co. v. State*, 123 Ariz. 219, 222, 599 P.2d 175, 178 (1979), *cert. denied*, 445 U.S. 938, 100 S.Ct. 1331, 63 L.Ed.2d 772 (1980).

"Under the doctrine of collateral estoppel, the determination of a litigated fact or law which is essential to a valid and final judgment is conclusive between the parties or their privies in a subsequent claim." *Farmers Insurance Co. v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703, 706, No. 15687–PR, slip op. at 5 (1983). Collateral estoppel differs from *res judicata* in that the prior judgment precludes relitigation of issues actually litigated regardless of whether the prior action is based upon the same claim as the second suit. *Industrial Park Corp. v. U.S.I.F. Palo Verde Corp.*, 26 Ariz.App. 204, 206, 547 P.2d 56, 58 (1976).

The cross-claim filed by Matusik against APS and Picard in the Rotschild litigation was the identical claim which Matusik filed against APS and Picard in the Maali litigation. Because there was a common identity between the parties and the subject matter of the respective cross-claims, the validity of the summary judgment in the Rotschild case depends upon the application of principles of *res judicata*. The validity of the Rotschild summary judgment, however, is derivative from the propriety of the summary judgment in the Maali litigation.

In the Maali action, the summary judgment entered against Matusik on his cross-claim hinges upon the application of principles of collateral estoppel. The cross-claim by Matusik against APS and Picard was a different and separate claim than the one asserted by Maali. The issue of APS's and Picard's negligence, however, was the subject of Maali's complaint as well as Matu-

---

* As an alternative argument, APS contends that summary judgment was proper because Matusik failed to offer any controverting evidence of APS's negligence. But APS's motion for summary judgment contains only its *res judicata* argument; it is not until its reply memorandum that APS alleges Matusik's failure to offer controverting affidavits. We view the motion for summary judgment as being confined to the *res judicata* issue.

**4**

sik's cross-claim. Matusik, however, did not actually litigate the issue of APS's and Picard's negligence. The motion for summary judgment which APS and Picard filed against Maali, although served upon Matusik as a party, did not include a motion for summary judgment on the cross-claim. Similarly, Matusik did not file a memorandum or controverting affidavit in opposition to the APS and Picard motions. Thus, although Matusik did not actually litigate the issue of APS's and Picard's negligence, the precise issue we must determine is whether Matusik as an adverse party to APS and Picard, was required to litigate this issue on behalf of Maali and whether he should now be precluded from independently litigating the negligence of APS and Picard.

## IV. LAW

We begin our analysis with a consideration of the Arizona cases relied upon by the parties. In *Ocean Accident and Guarantee Corp. v. United States Fidelity and Guaranty Co.*, 63 Ariz. 352, 162 P.2d 609 (1945), the supreme court held that a suit between two insurance carriers was barred by a judgment in a prior action in which both carriers had been found to be jointly liable for workers' compensation benefits. Each party contended that the other was wholly responsible for the payment of the award. The court found that the exact same issues and claims had been previously presented to the industrial commission and litigated in the former action. The court stated that the test of whether a judgment is *res judicata* is determined not by the position of the parties in the case but by reference to their relationship to the other parties and their interests involved in the case. *Id.* at 360, 162 P.2d at 612. Even though the parties were co-defendants in the prior suit and had not been formally aligned as adversaries, the court found that the issue of their respective liability was "raised and determined between them in the original action," *id.* at 360, 162 P.2d at 612, and thus, the second suit was barred.

Each side in the present case claims to find support in *Burrell v. Southern Pacif-*

*ic Co.*, 13 Ariz.App. 107, 474 P.2d 466 (1970). The *Burrell* litigation began with a wrongful death action by the estate of a passenger riding in Burrell's car against Burrell and the Southern Pacific Company. The suit arose from a collision between a train and the vehicle. Burrell sought to assert a cross-claim against the railroad, but his motion for leave to file the cross-claim was denied. A jury found for the deceased against Burrell, but found in favor of the railroad. Burrell then filed a separate suit against the railroad and the engineer. The railroad moved to dismiss this complaint on the ground that the action was barred by the verdict and judgment in the first action. The trial court granted the motion for summary judgment but the court of appeals reversed. The court reasoned that Burrell had been denied the right to file his permissive cross-claim against the railroad and therefore "did not have his day in court" as to the alleged liability of the railroad for his injuries. *Id.* at 111, 474 P.2d at 470.

APS suggests that *Burrell* supports its position because, unlike Matusik, Burrell was denied the *opportunity to file* the cross-claim and was thus prevented from raising issues relating to the railroad's liability. But here, even though Matusik filed a cross-claim, he never had his day in court because the summary judgment which APS obtained against Maali was used to bar the cross-claim. Thus, just as Burrell was prevented from raising issues relating to the railroad's liability, Matusik was prevented from raising issues relating to the liability of APS by virtue of the preclusive effect given to the summary judgment which APS obtained against Maali.

Next, in *Rigney v. Superior Court*, 17 Ariz.App. 546, 499 P.2d 160 (1972), the court held that a party's failure to oppose a motion for summary judgment by a co-defendant precluded that party from raising the issue of the co-defendant's negligence as a defense to the plaintiff's claim against him. The plaintiff was injured in an automobile accident and brought suit against, among others, the driver of her car (driver

1), the owner of the car and the driver of the other vehicle (driver 2). Driver 1 and the owner successfully moved for summary judgment. Judgment was entered with Rule 54(b) language and no appeal was taken. Subsequently, driver 2 sought to amend his answer to allege that driver 1's negligence should be imputed to the plaintiff. The trial court permitted the filing of the amended answer but the court of appeals reversed. The court found that driver 2 was an adverse party to driver 1 and therefore had standing to oppose his motion for summary judgment. The court concluded that because driver 2 failed to avail himself of the opportunity to oppose the motion for summary judgment, he could not resurrect the issue of driver 1's negligence as a defense to the plaintiff's claim against him. Although APS and Picard contend that the *Rigney* case supports their position, we do not agree. In *Rigney,* a co-defendant was precluded from raising as a *defense* the issue of another co-defendant's negligence. No cross-claim had been filed between the co-defendants so the court did not consider whether such a claim between the parties would be precluded.

Finally, in *Fleitz v. Van Westrienen,* 114 Ariz. 246, 560 P.2d 430 (App.1977), the plaintiff brought suit against driver 1 and driver 2 for injuries which he suffered in a collision between their vehicles. Driver 1 successfully moved for summary judgment based upon the plaintiff's response to requests for admissions in which she admitted that driver 1 had acted reasonably and prudently. Driver 2 defended the action on the grounds that driver 1 was negligent. The jury rendered a nominal verdict in favor of the plaintiff. On appeal, plaintiff contended that because summary judgment had been entered with a finding of no liability on the part of driver 1, driver 2 should have been precluded from injecting the issue of driver 1's negligence at trial. The court agreed with the rule formulated in *Rigney,* but declined to apply it because summary judgment had been granted in favor of driver 1 only because of the plaintiff's admissions. Thus, the court concluded that as between driver 1 and driver 2,

driver 2 did not have the opportunity to litigate the question of driver 1's negligence. *Fleitz* is also dissimilar to the present case in that no contention was made that the summary judgment in favor of driver 1 should be given preclusive effect with respect to the cross-claim filed by driver 1 against driver 2.

The principles which can be distilled from the foregoing cases are as follows. A defendant who holds an adversary position with another co-defendant has standing to oppose a motion for summary judgment filed by his co-defendant against the plaintiff. If the moving co-defendant is dismissed and if no appeal is taken, the non-moving defendant will be barred from arguing that the fault was that of the moving defendant now dismissed from the action. If an issue is actually litigated between the co-defendants, then the determination of that issue will preclude relitigation of that issue between the co-defendants either by way of a cross-claim or in a separate action.

Based upon the foregoing authorities, we conclude that because the issue of APS's and Picard's negligence was not actually litigated between APS, Picard and Matusik, Matusik should not be precluded from asserting his claim of negligence against APS and Picard. Similar reasoning can be found in *Creeco Co. v. Northern Illinois Gas Co.,* 73 Ill.App.2d 218, 219 N.E.2d 257 (1966). The owner and tenant of a building sued the gas company and a contractor for negligence and willful and wanton misconduct in causing a gas explosion in the building. The owner, tenant, gas company and contractor were all defendants in a prior action. In the first suit, the owner was voluntarily dismissed as a defendant. The gas company and tenant were found guilty of negligence and the contractor was found not negligent. As to the claim between the tenant and the contractor in the second suit, the court found that there was "an intensive effort" made in the first trial by the contractor to establish the negligence of the tenant. Thus,

the court concluded that the finding of negligence against the tenant and finding of no negligence on the part of the contractor in the first suit barred the second suit between the tenant and the contractor. Further, because the court found that there was a "determined effort" on the part of the gas company to show negligence on the part of the tenant and a similar effort on the part of the tenant to show negligence of the gas company, the prior determination of the question of due care on the part of the tenant barred its allegation of negligence in the second suit against the gas company. We interpret this case to mean that because the co-defendants in the first action actually litigated the issues of their respective negligence they may not do so again in the second action.

A clear statement of the principle that we find controlling is as follows:

> [I]t is well established that a judgment for or against two co-defendants, or for one co-defendant and against the other co-defendant, generally determines nothing as to their respective rights and liabilities, *inter se,* unless the issues were actively litigated between the two defendants in the first action.

*City of Burbank v. Glazer,* 76 Ill.App.3d 294, 298–99, 32 Ill.Dec. 150, 153–54, 395 N.E.2d 97, 100–01 (1979). *See generally* Annot., 24 A.L.R.3d 318 (1969); *contra Gies v. Nissen Corp.,* 57 Wis.2d 371, 204 N.W.2d 519 (1973).

The result in this case is also supported by the following considerations. First, APS and Picard could have filed their motions for summary judgment against Matusik as well as Maali. As the moving parties, APS and Picard had the choice of whether or not to join Matusik. Having elected to proceed against only Maali, we do not find it unjust to prevent APS and Picard from using their judgment against Maali in the Matusik cross-claim. *See Restatement (Second) of Judgments* § 29(3) (1982) (*Restatement*); *see generally Restatement* § 38.

Second, Matusik did not have an incentive to contest the motion for summary judgment on behalf of Maali. Had Matusik contested the motion for summary judgment and lost, unquestionably the ruling would have been binding in his cross-claim. This is true because the issue of the respective liability of the co-defendants would have been actually litigated between themselves. Under the facts of this case, APS and Picard made their motions for summary judgment approximately three months after Maali's complaint was filed, but before they filed answers to the cross-claim and before Matusik had an opportunity to undertake any discovery. Based upon the record before us, Matusik could well have concluded that he was not fully prepared at this early stage in the litigation to subject himself to the risk that his cross-claim would be defeated. Maali also conceded that APS was not negligent. Thus, Matusik did not have an adequate opportunity or incentive to litigate APS's and Picard's negligence. *See Restatement* § 28(5). Of course, APS and Picard could have forced the issue by filing their motions for summary judgment against Matusik as well as against Maali.

■ Because we reverse the judgment against Matusik in the Maali litigation, we must necessarily reverse the judgment against Matusik in the Rotschild litigation. The basis of the judgment against Matusik in the Rotschild litigation was that the same claim had been adjudicated on its merits between the same parties in the Maali suit. This matter is remanded to the trial court for proceedings consistent with this opinion.

CORCORAN and HAIRE, JJ., concur.