979 F.2d 854
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Henry FERDIK, Plaintiff-Appellant,
v.
James MCFADDEN, Warden at Flamenco; Art Boorujy; Walter
White; J. Medina; Flamenco Mental Health Center,
Defendants-Appellees.
 No. 92-15390.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 16, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Henry Ferdik, an Arizona state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendant Arizona state prison officials in his 42 U.S.C. § 1983 action alleging the prison officials denied Ferdik access to his mail and intimidated and threatened him in retaliation for his filing various lawsuits in violation of Ferdik's first, fifth, and eighth amendment rights. Ferdik contends that the district court erred in determining that his section 1983 claims were barred by res judicata and collateral estoppel effects of his state court action raising nearly identical claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Questions of state and federal law are reviewed de novo. Southeast Resource Recovery Facility Authority v. Montenag Int'l Corp., 973 F.2d 711, 712 (9th Cir.1992); In re McLinn, 739 F.2d 1395, 1397 (9th Cir.1984) (en banc) ("questions of state law are reviewable under the same independent de novo standard as are questions of federal law"). Federal courts are compelled by the full faith and credit statute to give collateral estoppel and res judicata effects to the judgments of state courts. 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist., 465 U.S. 75, 81 (1984) (federal courts hearing section 1983 actions must give issue preclusive effect to state court judgments); Allen v. McCurry, 449 U.S. 90, 96 (1980) (same); Montenay, 973 F.2d at 712-13 (same). Whether a prior state court judgment bars litigation of a section 1983 civil rights claim depends on the issue preclusion rules of the state court and not those of the federal courts. Migra, 465 U.S. at 81.
 
 
 4
 Under Arizona law "in order for res judicata to apply, there must be (1) a final judgment on the merits; (2) a common identity of the parties, the capacity in which they appear, the subject matter, and the cause of action." Mustik v. Arizona Publ. Serv. Co., 684 P.2d 882, 884 (Ariz.App.1984) (citations and quotations omitted). "[A] final judgment on the merits absolutely bars a subsequent suit involving the same cause of action." Piatt v. MacDougall, 773 F.2d 1032, 1034 (9th Cir.1985) (applying Arizona law of issue preclusion).
 
 
 5
 Here, in Ferdik's state court action, the Maricopa County Superior Court granted summary judgment in favor of the defendants. Summary judgments are final judgments on the merits for res judicata purposes. El Paso Natural Gas Co. v. Arizona, 599 P.2d 175, 178 (Ariz.1979), cert. denied, 445 U.S. 938 (1980). Ferdik then filed an appeal with the Arizona Court of Appeals. When he did not pay the required filing fee within thirty days, under Ariz.Rev.Stat.Ann. § 12-322(a) his appeal was deemed abandoned,[1] and the Maricopa County Superior Court made a final determination and dismissed the case.[2] A judgment which can be, but is not appealed, is final under Arizona law. Piatt, 773 F.2d at 1034. Consequently, there was a final judgment on the merits.
 
 
 6
 With the exception of defendant White, the parties in both actions are identical and sued in the same capacities.[3] The state court action was based on the same facts as alleged in the federal district court action. Both complaints were identical except for the introduction and conclusion and except that the state court complaint alleged additional counts of sexual and physical assault and mental and medical mistreatment.
 
 
 7
 Accordingly, because the Arizona state courts would have applied the principles of res judicata and collateral estoppel if Ferdik had tried to relitigate these issues in state court, and federal courts must apply the state law of issue preclusion, the district court properly dismissed this case on the grounds of res judicata and collateral estoppel. See Migra, 465 U.S. at 81.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 "If a party does not pay the filing fee, the record is returned to the court from which it came, and the judgment may be enforced as if no appeal had been taken." Ariz.Rev.Stat.Ann. § 12-322(a)
 
 
 [2]
 Ferdik contends on appeal that he did not have a full and fair opportunity to litigate his claim in state court because his appeal was dismissed for failure to pay a filing fee. We disagree. See Piatt v. MacDougal, 773 F.2d 1032, 1034 (9th Cir.1985) ("Arizona court's denial of [appellant's] appeal for failure to pay the filing fee is not constitutionally impermissible."); see also Ortwein v. Schwab, 410 U.S. 656, 660 (1973); Tahtinen v. Superior Court, 637 P.2d 723, 726 (1981), cert. denied, 454 U.S. 1152 (1982). Additionally, he contends he was entitled to a waiver or deferral of filing fees under state law. We have no authority to review this decision. See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng., 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions")
 
 
 [3]
 Defendant White was not specifically named as a defendant in the original state complaint and was not served with the state complaint. Nevertheless, he was named as an alleged actor in both the state and federal complaints. "Once a party has had his day in court and lost, he does not get a second chance against a different party on the same claim." Food for Health Co. v. 3839 Joint Venture, 628 P.2d 986, 988-89 (Ariz.App.1981). Accordingly, Ferdik may not relitigate this issue in federal court against defendant White after the state court granted summary judgment in favor of the state court defendants