LANDERS, A MINOR, APPELLANT, *v.* MAYS ET AL., APPELLEES.

2

 

(No. 7137—Decided April 9, 1963.)

*Mr. Irving M. Gertner,* for appellant.
*Messrs. Wiles, Doucher & Tressler, Messrs. Dresbach, Crabbe, Newlon & Bilger, Mr. Wilbur W. Jones, Mr. Charles Brown* and *Mr. James Graham,* for appellees.

TROOP, J. Plaintiff, Linda Roof Landers, appeals from entries of summary judgments in favor of defendants, Ray Phillips, Sr., and Ray Phillips, Jr., entered by the trial court July 9, 1962. Judgments were entered in favor of the two defendants, Phillips, and they were awarded their costs following a hearing upon the motions for summary judgments filed in their behalf.

The record shows that the motions for summary judgments were heard July 2, 1962, the motions having been filed June 19, 1962. An affidavit of each motioning defendant was attached to the motion made for him by counsel. Depositions of the defendants, Phillips, were filed with the court June 12, 1962. Beginning at page 7 of the record, there is a running discussion by counsel as to the matter of notice as required by Section 2311.041, Revised Code. The conclusion reached is that formal notice was waived by counsel for plaintiff, Landers, but that no formal notice was served upon defendant, Mays, nor did he waive notice of the hearing, although it appears that his counsel may have known of the filing of the motions for summary judgments and of the date of hearing.

Plaintiff sets out but one assignment of error. Counsel states simply that the trial court erred in granting summary judgment in favor of two of the defendants in the case. This review, while addressed to that assignment of error, moves toward a little broader consideration. The question to be resolved is whether the fact and procedural pattern here presented is one where the use of a motion for and award of a summary judgment is appropriate.

This is a negligence action. Plaintiff joined two defendants in her petition. A third defendant was added later by motion. Plaintiff alleged that an automobile negligently operated by defendants injured her and that such negligence was the proximate cause of her injuries. She prayed for judgment against those defendants. The defendants, Phillips, each filed a general denial to plaintiff's petition and each later asserted by affidavit that he was not the operator of the automobile at the time of the accident, not an occupant of the car at the time, and that the defendant, Mays, was the operator and that he, Mays, was not in any way operating the automobile for or on behalf of the affiant.

Judgment was entered by the trial court in response to a motion for summary judgment on behalf of each of the defendants, Phillips, "upon consideration of the pleadings herein," and "the affidavit and deposition" of each of the defendants.

Since experience in Ohio in the use of the summary judgment statute is limited to a relatively short time, the use of general text materials and decisions in other jurisdictions is necessary. Professor Robert L. Wills, in his article on summary judgment procedure, volume 20, No. 4, Ohio State Law Journal (1959), at page 615, says: "Negligence cases in which summary judgment may properly be granted are exceptional," and following later, he continues, as follows:

"There are occasional negligence cases, however, in which summary judgment may be granted, because of the absence of any genuine issue as to negligence or contributory negligence."

These observations by the author and expressions of caution found in the language of the general works and the decisions in other jurisdictions suggest a careful examination into particular uses of the summary judgment device in all cases, but particularly in negligence actions. Headnotes in the report of the case of *Petroff* v. *Commercial Motor Freight, Inc.* (1960), 82 Ohio Law Abs., 433, a Franklin County case, present the typical words of caution. In the light of those admonitions we examine the controversial points in the instant case.

The arguments of counsel before the trial court at the time of the hearing on the motions for summary judgments indicate a difference of opinion with respect to the use and necessity of filing affidavits. Counsel for defendants insist that since

plaintiff did not file affidavits contra those filed by the defendants, Phillips, the result is tantamount to an admission that the facts contained in the affidavits attached to the motions for summary judgments are true. Such a position is supported by language contained in Section 2311.041, Revised Code, which reads as follows:

"* * * an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

The failure of plaintiff to file appropriate opposing affidavits in this and similar situations might well prove to be conclusive, but it should be noted that even though there are no affidavits filed, summary judgment is to issue only "if appropriate."

Other points in controversy at the time of hearing should be noticed here. One relates to the matter of notice relative to the time of hearing. Section 2311.041, Revised Code, provides, as follows:

"* * * Notice of the filing and the date of the hearing of such motion shall be given by certified or registered mail, or personally, to the opposing party or his counsel of record at least five days prior to the hearing, unless waived."

Counsel for plaintiff voiced the opinion that defendant Mays should have had notice of the hearing as required by the statute. Opposing counsel suggested that defendant Mays was not entitled to notice since he was not an adverse party. 41 Ohio Jurisprudence (2d), 447, Section 2, sets out the appropriate rule, as follows:

"* * * The character of a party, as adverse or otherwise, is to be determined, not by his position upon the docket or in the title of the cause, but by reference to his relation to the other parties as shown by the interests he has involved in the case."

The caption appearing on the cover of the depositions transmitted to the trial court, part of the consideration for the granting of the summary judgment, is significant at this point. It indicates that defendants, Phillips, Sr., and Jr., were called for

cross-examination "by defendant Mays and plaintiff Landers," and the closing clause in the paragraph reads, as follows:

"* * * said depositions to be read on behalf of defendant Mays and plaintiff Landers at the trial of the above entitled cause."

This court holds that this quoted language is a clear indication that defendant Mays, while on the same side of the title of the cause, does not necessarily have an interest totally in common with the other two defendants, and, therefore, must be regarded as an adverse party who must have notice as required by Section 2311.041, Revised Code, in order for the summary judgment to be "appropriate."

The fact that defendant Mays had no voice at the time of the hearing brings into focus some of the general words of caution to which attention was called. The Court of Appeals for Lucas County, in *Bowlds* v. *Smith* (1961), 114 Ohio App., 21, calls attention to our own Franklin County case and, at page 28, observes that when a summary judgment is granted caution should be exercised. Then, again noting our local case, the court says, as follows:

"* * * All doubts must be resolved against the movant; where there is the slightest doubt as to the facts the motion will not lie * * *."

In the instant case, since defendant Mays was not before the trial court, there remains a doubt as to genuine issues even though that doubt may be denominated "slightest."

A substantial portion of the record is devoted to a discussion, by counsel and court, of the pleading problems incident to the joinder of three defendants all of whom plaintiff alleges drove the automobile involved in the accident producing plaintiff's injuries. While this point is not one upon which this decision hinges, it is well to note that care must be exercised in the consideration of a motion for summary judgment to distinguish its real character. Such a motion must not be a wolf in sheep's clothing. A motion to make definite and certain is one creature, mild in character, when compared to the very severe temperament of the motion for judgment. Judgment closes a door with finality, while removing a party from a case by motion may leave the door ajar for the opposing party if develop-

ments at the trial of the cause suggest. The warning to be respected is set out in 49 Corpus Juris Secundum, 387, Section 219, which reads as follows:

"* * * Moreover, the statutory procedure for judgment on motion was not intended as a test for the sufficiency of pleadings or to supplant a demurrer or motion to make pleadings more definite and certain."

See, also, *Goucher, Marshal,* v. *Herr* (1940), 65 R. I., 246, and *McLoughlin* v. *Malnar* (1941), 237 Wis., 492.

The "consensus" of the members of the trial court concerning future motions addressed to petitions containing allegations of joint operation of automobiles will likely govern future rulings upon such motions but that "consensus" applied to a ruling on a motion for judgment is a disregard of the caution so frequently reiterated by courts in other jurisdictions and approved by our own.

Finally, we find no decision in Ohio on the peculiar pattern of the instant case. Here we have three defendants, and a summary judgment in favor of two of them. General works and other jurisdictions offer some help. The headnote found in 49 Corpus Juris Secundum, 399, Section 220 (c) (2) appears to support the contentions of defendants. It reads as follows:

"(2) On Motion by Defendant

"Where the defendant's affidavits show that his denials or defenses are sufficient to defeat the plaintiff, or that his cause of action on a counterclaim warrants recovery, summary judgment for the defendant may be entered with respect to the plaintiff's cause of action or the defendant's counterclaim, if the plaintiff by affidavit fails to establish triable issues of fact."

Later in the text material we find an exception noted. That language is as follows:

"* * * However, the complaint will not be dismissed * * * where although the cause must go against plaintiff, the question of the right of defendants as among themselves remains to be settled. * * *"

It is true that the case from which the rule is drawn does not present the same fact pattern as ours but the rule suggested is sound. *Mutual Life Ins. Co. of New York* v. *Patterson* (1936), 17 F. Supp., 416, involved an action to obtain the proceeds of a life insurance policy. A change of beneficiary had

been attempted by an insured but not in compliance with the terms of his policy. Some facts appeared uncontroverted. A surviving wife claimed as a beneficiary and the facts indicated she was in good position. The court, however, refused the summary judgment because the granting of the judgment would not resolve the conflicting claims and possible rights of all defendants.

The federal case involved a contract, an action in which issues were more definable than in tort actions. More caution must be exercised in negligence actions and where it appears that a possible conflict exists between defendants and the "slightest" doubt appears that the matter of genuine issues cannot be completely resolved as to all parties summary judgment is not appropriate.

In the case before us, the defendant Mays was entitled to notice as required by statute. The trial court could not, without his presence, resolve all the issues in the case, particularly those as might appear between the not too cordial three defendants. Summary judgment was not an appropriate procedure in the instant case.

The judgment of the trial court is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

DUFFY, P. J., and BRYANT, J., concur.