OPINION
Appellant asserts the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING DEFENDANT-APPELLEE SEARS, ROEBUCK CO. SUMMARY JUDGMENT BECAUSE REASONABLE MINDS WOULD DIFFER ON WHETHER THE HAZARDOUS CONDITION OF THE CARPET MOLDING WHICH CAUSED MRS. LOVEJOY TO TRIP AND FALL WAS `OPEN AND OBVIOUS.'"
On March 23, 1996, appellant went shopping for a robe in appellee's Sears Department Store located on Central Avenue in Toledo, Ohio. Appellant was seventy-five years old and in good health. She took no significant medication and only needed glasses to read. Appellant had worked part-time at the store for twenty-four years and retired in 1986. The store had been remodeled since 1986.
Lightly colored tile covered the main aisles in appellee's store. Brown carpet covered areas where merchandise was displayed on racks. Rubber molding, which was described as both brown and grey in the record, trimmed the edges of the carpet. The molding secured the carpet to the floor in areas where the carpet ended and the tile began.
Appellant testified during a deposition that women's robes were displayed on a rack that was approximately the same height as she was. The rack was in a carpeted area with one end close to a tiled aisle. Because the robes she looked at first were not her size, she walked around the rack to find the correct size. According to appellant, she kept her eyes on the rack to avoid injuring her eyes by hangers and other protrusions. She also indicated she was looking at tags to determine clothing sizes. Appellant explained at her deposition:
 "* * * I wasn't aware of the difference in the floor covering at the moment because I was watching where I was walking around these racks. You see, they're not very high, and the clothes that hang on them and the hangers, and this steel object they hang the clothes on stick out, and it's level with my eyes. That's what I was avoiding."
Appellant suddenly fell onto the tiled area of floor. She struck her shoulder against a wall before falling to the ground. Appellant later testified that she did not see what caused her to fall.
Another customer, who was leaving the robe department, was walking approximately four to five feet behind appellant when she fell. When security personnel arrived, the customer pointed to an area of the rubber molding that had separated from the carpet and was not lying flat against the floor or carpet edge. The customer told store personnel that appellant must have fallen because of the molding. When deposed, the customer acknowledged that she did not see what caused appellant to fall when it happened and did not notice the molding until after appellant fell.
 "Q. This raised molding, was it sticking up about a half-inch or so off the ground?
"* * *
"A. Yes, enough to catch your toe in or whatever. * * *
 "Q. You hadn't noticed that piece of molding sticking up prior to the time Mrs. Lovejoy fell, did you, ma'am?
"A. No, no.
 "Q. Basically you didn't see what caused her to fall, you're just looking around in trying to make a determination in your own mind as to what could have caused her to fall"
"[Appellant's counsel] Objection.
 "A. Yes, but you must have known that made her fall. There wasn't anything else there.
"* * *
 "Q. You can't say for sure Mrs. Lovejoy didn't stub her toe up on it and kick it up into the air, can you, ma'am?
"* * *
 "A. No, I didn't see her foot actually going into the hole if that's what you're talking about. No."
Appellant was taken to a hospital where she was treated for a fractured shoulder. She returned on March 27 for surgery, and remained hospitalized until April 25, 1996.
On January 8, 1997, appellant filed a complaint alleging that appellee's negligence had caused her injuries. Appellant's husband claimed a loss of consortium in the second count of the complaint.
Appellee filed a motion for summary judgment contending, first, that it had no duty to warn appellant of the condition of the carpet molding because it was an open and obvious danger. Appellee also argued that it did not have actual or constructive notice of any defective condition of the molding. Finally, appellee maintained that plaintiff could not prove what caused the fall because no one saw what actually caused her fall. In opposition, appellant argued that genuine issues of material fact existed as to whether defendant knew of the condition and whether the condition was an open and obvious danger.
To award summary judgment to appellee, the trial court assumed appellant "tripped on a piece of raised carpet molding, a condition that existed before she fell, and for a sufficient length of time for [appellee] to discover the condition." The trial court concluded, however, that appellee had no duty to warn appellant about the molding because it was an open and obvious danger which appellant could have avoided had she been looking where she was going. The trial court based its conclusion on the fact that appellant stated during depositions she was not watching where she was walking and was not paying attention to the ground. When deposed, appellant testified that had she seen the molding as shown in appellee's photographs, she could have avoided it.
This court reviews a trial court's award of summary under a de novo standard of review. Coventry Twp. v. Ecker
(1995), 101 Ohio App.3d 38, 41; McGee v. Goodyear Atomic Corp.
(1995), 103 Ohio App.3d 236, 241.
Summary judgment under Civ.R. 56 is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact on essential elements of the non-moving party's claim; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion which is adverse to the non-moving party. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus;Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial. Id.
To defeat a summary judgment motion on a negligence claim, a plaintiff must present sufficient evidence to raise genuine issues of material fast as to whether: (1) a defendant owed the plaintiff a duty; (2) the duty was breached; and (3) the breach was the proximate cause of plaintiff's injuries which caused the damages. Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19,22-24. Sufficient evidence to overcome a summary judgment motion requires specific, provable facts and not mere allegations; evidence of a possible inference is not sufficient.Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48,52; Cox v. Commercial Parts Serv. (1994), 96 Ohio App.3d 417,421.
A business owner owes a business invitee a duty of ordinary care to maintain the premises in a reasonably safe condition so that an invitee is not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. This includes a duty to warn of any latent danger upon the premises when the business owner knows of or is responsible for the danger. Id. When an invitee is seeking to recover for a slip and fall, he must prove either:
 "that [the storekeeper] or one of his employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or (2) that the danger had existed for a sufficient time reasonable to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v. Wagner Provision Co.
(1943), 141 Ohio St. 584, paragraph three of the syllabus.
However, the owner has no duty to protect an invitee against dangers which are known to the invitee or which are so obvious and apparent that the invitee may reasonably be expected to discover them and protect himself against them. Babcock v. MarathonPetroleum Co., (Aug. 7, 1992), Sandusky App. No. S-91-43, unreported, citing Paschal, 18 Ohio St.3d at 203-204. The particular facts of each case must be examined to determine whether a danger is open and obvious. Miller v. Beer BarrelSaloon (May 24, 1991), Ottawa App. No. 90-OT-050, unreported.
Because the trial court assumed that the carpet molding caused appellant's fall and that it existed long enough for appellee to have constructive notice of it, the trial court decided only one issue: whether the molding was an open and obvious danger. For a condition to be open and obvious, an invitee must reasonably be expected to discover it and protect himself against it. Sidle v. Humphrey (1968), 13 Ohio St.2d 45. The trial court decided in appellee's favor on the basis that appellant had stated that she could have avoided any raised molding by watching the ground in front of her.
Appellant's statement, which the trial court characterized as an admission, was made while observing a photograph of the molding, which appellee took shortly after she fell. On appeal, appellant contends any statements she made about the condition of the molding in a photograph taken after she fell are not relevant to whether it was open and obvious before she fell. Appellee contends that because appellant's argument requires a finding that the condition either existed and was open and obvious before she fell, or the condition did not exist at all, summary judgment in its favor is proper.
Appellant made the following relevant comments when she was deposed:
 "Q. If you had been walking through the store on March 23rd, 1996, and you had looked down and seen this separation in the molding, ma'am, could you have avoided that?
"A. If I had seen it, I would have, yes.
 "Q. Do you believe looking at these photographs that if you had looked down at the carpet you would have been able to see that separation in the molding, ma'am?
"A. Yes.
"Q. Nothing was preventing you from seeing that?
"A. Nothing."
Upon careful review of the record, we first find that a genuine issue of material fact exists regarding the condition of the molding before appellant fell and whether it was an open and obvious danger. Two store employees testified that their regular duties required them to inspect that area of the store for safety hazards. The sales clerk in the department that sold robes indicated that she checked the area to see if it was neat when she arrived in the morning. She glanced at the floor to see if plastic pins used to hang clothes were on the floor. She testified that store clerks were responsible throughout the day to make sure the area was straight.
Both testified that when they inspected on March 23, 1996, they did not notice that the molding was in the same condition shown in the photographs taken by appellee after appellant fell. However, neither could recall specifically checking the molding itself. Both acknowledged that their duties did not explicitly require them to inspect the molding daily.
In determining that the molding was an open and obvious danger, the trial court incorrectly assumed that the evidence showed the condition of the molding was the same before appellant fell as after she fell. Whether that was the case was a question of fact that should not have been decided by the trial court upon summary judgment.
Even assuming arguendo that the carpet was in the same condition before the fall as after the fall, we disagree with the trial court's conclusion that, as a matter of law, the molding was an open and obvious danger that appellant could have avoided had she looked. The record shows reasonable people could reach different conclusions about whether the separated molding was open and obvious.
Whether the condition existed or was detectable after two employees inspected the area several hours before appellant fell presents a question of fact. Likewise, it is for the trier of fact to determine whether the physical evidence contradicts the testimony regarding regular inspections.
Further, appellee's photographs reveal a dark brownish-grey molding slightly distended away from a dark brown carpet. When a surface and the object on which a person falls are the same color, a genuine issue of material fact exists as to whether the object is open and obvious. Diehlman v. Braunfels (Aug. 1, 1997), Lucas App. No. L-96-357, unreported. Here, the photographs reveal a slightly raised dark molding, which contrasts sharply on one edge with lightly colored tile. However, even though not precisely the same color, the molding blends with the brown carpet on the other edge. The appearance of the molding in the photographs provided by appellee raises a genuine issue of material fact about whether the molding was a visibly open and obvious danger. The evidence in the record is not conclusive that any raised portion of the molding was visible or detectable before appellant fell.
Next, we disagree with the trial court's determination that had appellant looked where she was going, she would have noticed any "obvious and open" condition of the carpet molding before she fell. The Ohio Supreme Court has recently determined that such situations raise the legal issue of whether a reasonably prudent person should have anticipated that an injury would result from walking normally. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680.
In turn, questions arise as to whether plaintiff used due care for her own safety, taking into account all of the circumstances. Visibility of the object, while important, is only one of the circumstances. Grossnickle v. Germantown (1965),3 Ohio St.2d 96, 104. However, a pedestrian in a store "is not, as a matter of law, required to look constantly downward * * *"McGuire v. Sears, Roebuck and Co. (1996), 118 Ohio App.3d 494,498, citing Grossnickle, 3 Ohio St.2d 96, paragraph two of the syllabus; see Texler, 81 Ohio St.3d at 681 (adequate evidence supported jury's finding that a store owner alone proximately caused pedestrian's injuries by using a bucket weighted with concrete to prop open a door onto a sidewalk because even though the pedestrian did not see the bucket, the pedestrian used proper care as she walked to avoid obstructions by looking straight ahead rather than down at the ground).
We also disagree with the trial court's determination that appellant was not excused from looking out for open and obvious dangers because she was paying attention to the display rack to avoid injuring herself. Where the claim is that the danger was not seen, the question becomes whether plaintiff exercised concern for her own safety which an ordinarily prudent person would use under similar circumstances. Grossnickle,3 Ohio St.2d 103. Customers who are distracted by merchandising signs, goods, and displays routinely encountered within a store for sales promotion are not excused from discovering open and obvious dangers. See Grossnickle,3 Ohio St. 2d at 103-104; Ankney v. Seaway Foodtown (Mar. 1, 1991), Wood. App. No. WD-90-55, unreported (summary judgment proper where a customer walked into a pole while looking at signs identifying where merchandise was located because she did not use reasonable care to discover obvious and apparent hazard); McGuire v. Sears, Roebuck and Co., 118 Ohio App. 3
d at 499-500 (summary judgment proper where customer's tripped over a raised seam in a tiled aisle because she did not use due care to discover open and obvious danger when she directed her attention toward jewelry and clothing displays).
Appellant's attention was not distracted by merchandising displays designed to draw customer attention to promote sales. Instead, her attention was drawn to the rack to avoid injury. Thus, the circumstances were more like those inGrossnickle, where a pedestrian on a public sidewalk slipped on ice when her attention was distracted by weather conditions while she checked for traffic before entering a crosswalk. SeeGrudzinski v. Seaway Food Town (June 28, 1996), Lucas App. No. L-95-392, unreported (where an invitee had to walk around post in supermarket, and may not have seen mats before he tripped, genuine issues of material fact exist whether a rise in mats was open and obvious danger which appellant should have seen). A question of fact exists concerning whether plaintiff breached a duty to avoid a hazard because she did not look down while trying to avoid another perceived hazard. The question is one of contributory negligence. The Ohio Supreme Court has "continued to hold that the question of whether the contributory negligence of a plaintiff is the proximate cause of the injury is an issue for the jury to decide pursuant to the modern comparative negligence provisions of R.C. 2315.19(A)(1)." Texler, 81 Ohio St.3d at 681. Consequently, summary judgment was improper. Accordingly, appellant's sole assignment of error is well-taken.
The judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 George M. Glasser, J.
 Melvin L. Resnick, J.
CONCUR.